REX BERNARD GRIFFIN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Griffin v. Commissioner
Docket No. 8479-90
United States Tax Court
T.C. Memo 1992-186; 1992 Tax Ct. Memo LEXIS 213; 63 T.C.M. (CCH) 2582; March 30, 1992, Filed *213 Decision will be entered for respondent. Rex Bernard Griffin, Jr., pro se. Jeanne Gramling, for respondent. GALLOWAY
GALLOWAY
MEMORANDUM OPINION GALLOWAY, Special Trial Judge: This case was assigned and heard pursuant to section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the years in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. In the notice of deficiency respondent determined deficiencies of $ 2,648.20 and $ 352 in income tax for the respective years 1986 and 1987. After a concession by petitioner, the issues to be decided are: (1) Whether petitioner is entitled to deduct certain employee business expenses claimed in 1986 as expenses incurred away from his "tax home"; and (2) whether petitioner is entitled to a deduction for moving expenses in 1987 in excess of the amount allowed by respondent. Petitioner was a resident of Cape Canaveral, Florida, when he filed his petition with this Court. Some of the facts are stipulated and are so found. The stipulated facts and related exhibits are incorporated herein by this reference. 1. Employee Business Expenses
Petitioner *214 is an active duty Navy serviceman now stationed in Greensboro, North Carolina. During the years 1981-1986, petitioner held the U.S. Navy position of electronics technician first class. While so employed, petitioner was assigned to the fleet ballistic missile (FBM) submarine U.S.S. Lafayette from approximately January 1981 until about August 1983. The Lafayette went into dry dock at Newport News, Virginia, in 1983 for a 2-year overhaul. From about August 1983 to June 1985, petitioner maintained his position of electronics technician, but was assigned shore duty to work at a different position in submarine operations -- at Commander Submarine Force, Atlantic Fleet, in Norfolk, Virginia. Norfolk is 22 miles from Newport News. In June 1985, petitioner was assigned to the FBM submarine U.S.S. Tecumseh at its home port of Charleston, South Carolina, to assist in preparing the Tecumseh for dry dock in Newport News. Petitioner returned to Newport News aboard the Tecumseh in August 1985 when the vessel was placed in dry dock, at which time the home port of the vessel was changed from Charleston to Newport News. In August 1986, the ship was moved to the Newport News *215 shipyard. Petitioner was aboard the Tecumseh when it returned to Charleston in March 1987. After leaving the Tecumseh in March 1987, petitioner was assigned to duty at Dam Neck, Virginia, near the North Carolina border as an instructor in a guided missile school. Petitioner and his family moved to the Newport News/Norfolk/Virginia Beach area in 1981, and remained in that area until 1987. During this time, petitioner worked at Newport News or Norfolk except on two occasions when he was temporarily stationed on submarines at Groton, Connecticut, and Charleston. During 1985 and until March 1986, petitioner, his wife, and two children, lived in a rented house located in Norfolk. From March 1986 until January 1987, petitioner and his family lived in a rented house located in Virginia Beach. In January 1987, petitioner purchased and moved to a house located in Virginia Beach. On Form 2106 of his 1986 tax return, petitioner claimed $ 13,474 as employee business away-from-home expenses, which included vehicle expenses, parking fees, and petitioner's allocable share of his family's food, rent, and utilities. Petitioner's vehicle expenses of the amount claimed totaled $ 3,535 *216 and were based on mileage between petitioner's family residence and Newport News. Respondent disallowed the amount claimed in full, determining that the expenses claimed were personal expenses, nondeductible under section 262, since petitioner's "home" for tax purposes in 1986 was the Newport News/Norfolk/Virginia Beach vicinity. Section 162(a)(2) generally allows for the deduction of all ordinary and necessary expenses paid or incurred in carrying on any trade or business while traveling away from home. In contrast, section 262 generally disallows expenses for personal, living, or family expenses. Fausner v. Commissioner, 413 U.S. 838, 839 (1973); Commissioner v. Flowers, 326 U.S. 465, 473 (1946). Furthermore, transportation expenses incurred between one's residence and one's principal place of business, i.e., commuting expenses, are ordinarily nondeductible personal expenses under section 262. Fausner v. Commissioner, supra.An exception to this rule allows the deduction of a taxpayer's daily transportation expenses to a temporary, as opposed to an indefinite, assignment. Before petitioner was assigned to the *217 Tecumseh, he knew that the vessel was being prepared for dry dock and would be out of operation for a period of 17 months to two years. When asked whether an assignment to a ship in dry dock was considered to be a permanent assignment, petitioner replied that his assignment to the Tecumseh was permanent, and that "wherever the ship is at is irrelevant". A taxpayer's home for purposes of section 162(a)(2) is generally the area or vicinity of that person's principal place of employment. Commissioner v. Stidger, 386 U.S. 287 (1967). In Stidger, a Marine Corps aviator assigned to duty in El Toro, California, was reassigned to Iwakuni, Japan. The Supreme Court held that the taxpayer's "home" for tax purposes was Iwakuni, Japan, since that was his permanent duty post. Based on the Supreme Court's Stidger decision, respondent issued Rev. Rul. 67-438, 1967-2 C.B. 82, which provides that a naval officer who is assigned to permanent duty aboard a ship such as a submarine, which has regular eating and living facilities, has his "home" for traveling expense purposes aboard the ship to which he is assigned. In this case, petitioner *218 argues that since his permanent duty post was on the Tecumseh in 1986, it was also his home for tax purposes in that year. Accordingly, petitioner reasons that under Rev. Rul. 67-438, transportation expenses to his family residence from the Tecumseh and his allocable share of family residence expenses are deductible as "away from home" shore expenses. According to petitioner, when not in dry dock, FBM submarines are continually at sea and have regular eating and living facilities for crew members. Each FBM submarine has two full crews, which rotate for approximate periods of 3 months between off-crew status and sea duty on the submarine. As explained by petitioner, when the "Blue Crew" at sea comes ashore for 3 months, the "Gold Crew" goes to sea. At trial, respondent's counsel conceded that respondent had consistently allowed crew members to deduct, based on Rev. Rul. 67-438, the expenses incurred by whichever of the two FBM submarine crews is on 3 month shore duty, since the members of this crew are away from their "home" during the 3 months the submarine is manned by the sea duty crew. However, respondent claims *219 that her ruling is not applicable when the ship is in dry dock and shipyards for periods which normally approximate 2 years. In such case, neither the "Blue Crew" or the "Gold Crew" is living on the vessel because it is not at sea, but in dry dock. Petitioner admitted that during the dry dock/shipyard period, neither of the two submarine crews worked on board the Tecumseh. Instead, the crews were taking shore assigned office training courses. Furthermore, eating and living facilities are not available on the submarine when it is in dry dock or shipyard status. We agree with respondent that the tax home of naval personnel of dry docked FBM submarines is not the submarine itself, but is the area or vicinity of the person's principal place of employment, in this case Newport News. Since petitioner and his family lived in the Newport News area in 1986, we hold that the claimed employee business expenses constitute nondeductible commuting and personal expenses. See section 262; McDonald v. Commissioner, T.C. Memo. 1974-57. Petitioner has furnished us with no authority or plausible reason why his "tax home" should be on the Tecumseh when it is in dry *220 dock instead of at sea. His only argument is that respondent allowed him to deduct similarly claimed expenses in 1983 when he was assigned to the submarine Lafayette while it was in dry dock. However, if in fact respondent allowed petitioner to deduct living and travel expenses when he was assigned to the Lafayette in its dry dock status, respondent is not now precluded from making appropriate adjustments to a taxpayer's return merely because her auditor failed to make similar adjustments in a prior year. Walker v. Commissioner, 362 F.2d 140, 142-143 (6th Cir. 1966), affg. T.C. Memo. 1965-28. See also Hanson v. Commissioner, T.C. Memo. 1970-15. We conclude that since petitioner's tax home in 1986 was at his post of duty in Newport News, petitioner's claimed "away-from-home" expenses are not allowable. Respondent is sustained on this issue. 2. Moving Expenses
Section 217 allows a deduction for moving expenses paid or incurred with regard to the commencement of work by a taxpayer at a new principal place of business. Respondent allowed $ 1,044 of the moving expenses of $ 3,375 claimed by petitioner on his 1987 *221 tax return. Respondent maintains that petitioner's testimony at trial does not establish that he is entitled to a moving expense deduction in any greater amount than allowed by respondent. We agree with respondent and sustain her determination of this issue. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Matthews v. Commissioner, T.C. Memo. 1982-449. Decision will be entered for respondent.